**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RAHIMA KASHIF BAHALIM and KATIE MCDONALD, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 16 C 8335 |
| v. | ) ) | Judge Amy J. St. Eve |
| FERRING PHARMACEUTICALS, INC., and STERICYCLE, INC., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On August 25, 2016, Defendant Ferring Pharmaceuticals, Inc. ("Ferring") removed this lawsuit from the Circuit Court of Cook County based on the Court's diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1446. Before the Court is Plaintiffs Rahima Kashif Bahalim's and Katie McDonald's motion to remand brought pursuant to 28 U.S.C. § 1447(c). Although there is complete diversity of citizenship between the parties, Plaintiffs argue that Defendant Ferring's removal was improper because Defendant Stericycle, Inc. ("Stericycle") is a forum defendant under 28 U.S.C. § 1441(b)(2). Also before the Court is Defendants Stericycle's and Ferring's motions to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) and Ferring's Rule 12(b)(2) motion to dismiss.

For the reasons stated below, the Court denies Plaintiffs' § 1447(c) motion to remand because Plaintiffs fraudulently joined Defendant Stericycle under the circumstances of this case. The Court further grants Stericycle's Rule 12(b)(6) motion to dismiss and grants Defendant

Ferring's Rule 12(b)(2) motion to dismiss because the Court does not have personal jurisdiction over Defendant Ferring.

## BACKGROUND

Plaintiffs originally filed this lawsuit on July 14, 2016, in the Circuit Court of Cook County, Illinois, County Department, Law Division, Case No. 2016-L-006938. Plaintiffs' lawsuit arises out of the recall of the prescription drug Bravelle©, which is the brand name version of the generic drug urofollitropin designed to treat infertility in women. (R. 1-1, Compl. ¶¶ 1, 8, 9.) Plaintiffs allege that Defendant Ferring manufactures and distributes Bravelle and that Ferring recalled multiple lots of Bravelle because quality monitoring revealed that these lots did not meet potency specifications. (*Id.* ¶ 1.) Further, Plaintiffs allege that they consumed Bravelle that was part of the recalled lots. (*Id.*) In addition, Plaintiffs assert that Defendant Stericycle administered the Bravelle recall and had the duty to issue a proper and prompt warning to Plaintiffs about the allegedly defective Bravelle, yet failed to do so. (*Id.* ¶¶ 1, 3, 23-25.) Based on this recall and the Bravelle potency issues, Plaintiffs also bring claims sounding in negligence, strict liability, product liability, and express and implied warranties against Defendant Ferring seeking medical expenses, out-of pocket expenses, pain and suffering, and loss of income, along with other compensatory damages. (*Id.* ¶¶ 14-22, 27.) Also, Plaintiffs seek punitive damages. (*Id.* ¶ 28.)

In its Notice of Removal, Defendant Ferring asserts that, based on Plaintiffs' state court complaint, Plaintiff Bahalim is a citizen of Texas and Plaintiff McDonald is a citizen of Utah. (R. 1, Removal ¶ 19; Compl. ¶¶ 4, 5.) Further, Defendant Ferring alleges that it is a citizen of Delaware and New Jersey for purpose of diversity of citizenship purposes. (Removal ¶ 17;

2

Compl. ¶ 7.) Defendant Stericycle, on the other hand, is a citizen of Illinois and Delaware. (Removal ¶ 18; Compl. ¶ 6.) Plaintiffs do not dispute these diversity jurisdiction allegations.

## LEGAL STANDARDS

### I. Motion to Remand

"Defendants may remove a civil action from state court to the federal district court located in the place where such action is pending, as long as the federal district court had original jurisdiction over the case." *Yassan v. J.P. Morgan Chase & Co.,* 708 F.3d 963, 968 (7th Cir. 2013) (internal quotation marks omitted); *see also* 28 U.S.C. § 1441(a). "A defendant removing a case on diversity grounds must not only demonstrate that the case satisfies the requirements of 28 U.S.C. § 1332(a), but must also clear the 'additional hurdle' of 28 U.S.C. § 1441(b)(2), or the 'forum defendant rule.'" *Morris v. Nuzzo,* 718 F.3d 660, 664-65 (7th Cir. 2013). "The party seeking removal bears the burden of proving the propriety of removal; doubts regarding removal are resolved in favor of the plaintiff's choice of forum in state court." *Id.* at 668; *see also Schur v. L.A. Weight Loss Ctrs., Inc.,* 577 F.3d 752, 758 (7th Cir. 2009) ("The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court.").

### II. Federal Rule of Civil Procedure 12(b)(2)

A motion to dismiss under Rule 12(b)(2) tests whether a federal court has personal jurisdiction over a defendant. *See* Fed. R. Civ. P. 12(b)(2); *Central States v. Phencorp. Reins. Co.*, 440 F.3d 870, 875 (7th Cir. 2006). "The plaintiff bears the burden of establishing personal jurisdiction." *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.,* 751 F.3d

3

796, 799 (7th Cir. 2014). When ruling on a Rule 12(b)(2) motion to dismiss based on the submission of written materials, a plaintiff need only make a prima facie case of personal jurisdiction. *See Northern Grain Mktg., LLC v. Greving,* 743 F.3d 487, 491 (7th Cir. 2014). In analyzing a Rule 12(b)(2) motion without conducting an evidentiary hearing, courts accept all well-pleaded facts in the complaint as true and resolve any factual disputes in the parties' affidavits in plaintiff's favor. *See Felland v. Clifton,* 682 F.3d 665, 672 (7th Cir. 2012); *Purdue Research Found. v. Sanofi-Synthelabo, S.A.,* 338 F.3d 773, 782 (7th Cir. 2003). That being said, the Court "accept[s] as true any facts contained in the defendant's affidavits that remain unrefuted by the plaintiff." *GCIU-Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009).

### III. Federal Rule of Civil Procedure 12(b)(6)

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the federal pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). When determining the sufficiency of a complaint under the plausibility standard, courts must "accept all well-

4

pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

## ANALYSIS

I.   **Plaintiffs' Motion to Remand**

The parties do not dispute that there is complete diversity of citizenship in this matter and that Defendant Stericycle is a citizen of Illinois. Instead, Plaintiffs maintain that under the forum defendant rule pursuant to § 1441(b)(2), removal was improper. "The forum defendant rule is 'designed to preserve the plaintiff's choice of forum, under circumstances where it is arguably less urgent to provide a federal forum to prevent prejudice against an out-of-state party.'" *Morris*, 718 F.3d at 665 (citation omitted); *see also Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 380 (7th Cir. 2000) ("The rule is designed to preserve the plaintiff's choice of a (state) forum, under circumstances where it is arguably less urgent to provide a federal forum to prevent prejudice against an out-of-state party."). Put differently, "the forum defendant rule disallows federal removal premised on diversity in cases where the primary rationale for diversity jurisdiction – to protect defendants against presumed bias of local courts – is not a concern because at least one defendant is a citizen of the forum state." *Morris,* 718 F.3d at 665; *see also Thornton v. M7 Aerospace LP,* 796 F.3d 757, 764 (7th Cir. 2015).

In response to Plaintiffs' motion to remand, Defendant Ferring argues that removal was proper based on the fraudulent joinder doctrine. "To establish fraudulent joinder, a removing defendant 'must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant.'" *Morris,* 718 F.3d at 666 (emphasis in original) (citation omitted); *see also Thornton,* 796 F.3d at 765 ("A party

5

seeking a different forum on the basis of fraudulent joinder bears a heavy burden to show that, after resolving all issues of fact and law in favor of the non-moving party, the non-moving party cannot establish a cause of action."). In *Morris*, the Seventh Circuit considered whether to extend the fraudulent joinder doctrine to a defendant whose "presence triggers the forum defendant rule but does not compromise the parties' complete diversity." *Id.* at 666. In concluding that the fraudulent joinder doctrine did not apply in the context of the forum defendant rule, the Seventh Circuit reasoned that it was "reluctant to expand the fraudulent joinder doctrine absent a better understanding of the need to do so" because "[s]uch a move would be in tension with long-established precedent that the removal statutes are to be strictly construed to preserve the limited jurisdiction of federal courts." *Id.* at 670. Although the *Morris* decision did not extend the fraudulent joinder doctrine to forum defendants, the Seventh Circuit left the question open for "a more thorough and more able presentation of the relevant balance of interests," including the potential use of the forum defendant rule to defeat removal. *See id.* at 670-71. Based on this guidance, the Court directed the parties to file supplemental briefs addressing the balancing test set forth in *Morris*.

Specifically, in addressing the question of whether the fraudulent joinder doctrine applies to cases where a plaintiff sues a forum defendant to defeat removal, the *Morris* decision set forth policy interests for courts to balance, including (1) the plaintiff's right to select the forum and the general interest in confining federal jurisdiction to its appropriate limits, versus (2) the defendant's statutory right of removal and guarding against abusive pleading practices. *See id.* at 668. As the *Morris* decision instructs, "[t]o determine whether the fraudulent joinder doctrine ought to extend to diverse resident defendants, it is necessary to consider how these interests

6

balance out in the context of the forum defendant rule." *Id.* The Court thus turns to these policy interests.

In respect to Plaintiffs' choice of forum, although a plaintiff is the master of his own complaint, *see Caterpillar, Inc. v. Williams,* 482 U.S. 386, 398-99 (1987), when a plaintiff joins a non-diverse defendant, his interest in selecting the forum is less compelling. *See Midland Mgmt. Co. v. Am. Alternative Ins. Corp.,* 132 F. Supp. 3d 1014, 1021 (N.D. Ill. 2015) ("Although a plaintiff is generally free to choose its own forum, a plaintiff 'may not join an in-state defendant solely for the purpose of defeating federal diversity jurisdiction.'"); *see also Schur*, 577 F.3d at 763 ("A plaintiff typically may choose its own forum, but it may not join a nondiverse defendant simply to destroy diversity jurisdiction."). Based on this premise, it stands to reason that improperly joining a forum defendant also lessens a plaintiff's choice of forum. Moreover, deference to Plaintiffs' choice of forum is further weakened by the fact that neither Plaintiff is an Illinois citizen – Plaintiff Bahalim is a citizen of Texas and Plaintiff McDonald is a citizen of Utah. *See Morris,* 718 F.3d at 669 (courts "do not give automatic deference to a plaintiff's choice of state forum simply because the plaintiff has filed suit outside of his or her home state."). Accordingly, the Court gives less deference to Plaintiffs' choice of forum under the facts of this case.

Next, the Court considers the general interest in confining federal jurisdiction to its appropriate limits. In this context, the Court recognizes that "the removal statutes are to be strictly construed to preserve the limited jurisdiction of federal courts." *Morris,* 718 F.3d at 670; *see also Syngenta Crop Prot., Inc. v. Henson,* 537 U.S. 28, 32, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002) (collecting cases). The Court thus turns to the forum defendant section of the removal

7

statute, 28 U.S.C. § 1441(b)(2), for guidance. *See Morris,* 718 F.3d at 670 n.3. Section 1441(b)(2) states in its entirety: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." (emphasis added) Accordingly, by its own terms, the forum defendant rule precludes removal only when there is a "properly joined and served" resident defendant. *See Campbell v. Hampton Roads Bankshares, Inc.,* 925 F. Supp. 2d 800, 809 (E.D. Va. 2013) ("the very text of the statute teaches that its purpose is to permit actions between citizens of different states to be removed to federal court, but not if any defendant is a citizen of the forum – unless that forum defendant was not "*properly joined and served*.") (emphasis in original). Based on this statutory language, Defendant argues that a fraudulently joined forum defendant is an improperly joined defendant. The Court agrees. *See Sullivan v. Novartis Pharm. Corp.,* 575 F. Supp. 2d 640, 643 (D.N.J. 2008) ("The purpose of the 'properly joined and served' language is to prevent the abuse of the forum defendant rule by improper joinder (formerly referred to as fraudulent joinder.") (collecting cases); *see also Lozano v. CSM Bakery Prod. NA, Inc.,* No. 16 CV 5736, 2016 WL 5746339, at *3 (C.D. Cal. Sept. 30, 2016) ("the 'properly joined and served' language, added to § 1441(b) in 1948, has widely been interpreted as reflecting Congressional intent to prevent the fraudulent joinder of forum defendants in order to avoid removal."); *Salazar v. Allstate Texas Lloyd's, Inc.,* 455 F.3d 571, 574 (5th Cir. 2006) ("under the fraudulent joinder doctrine, federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly-joined nondiverse and/or in-state defendant."). Based on this persuasive authority, the general interest in confining federal jurisdiction to its appropriate statutory limits weighs in favor of

8

Defendants because § 1441(b)(2) dictates that defendants be properly joined and served.

As to the last *Morris* factors, namely, a defendant's statutory right of removal and guarding against abusive pleading practices, the Seventh Circuit cautions that "a plaintiff could potentially use the forum defendant rule as a 'device' to defeat removal where an out-of-state defendant would otherwise have that right." *Morris,* 718 F.3d at 670; *see also Wecker v. Nat'l Enameling & Stamping Co.,* 204 U.S. 176, 186 (1907) ("Federal courts should not sanction devices intended to prevent the removal to a Federal court where one has that right."); *Cf. Mississippi ex rel. Hood v. AU Optronics Corp.*, 134 S. Ct. 736, 745 (2014) ("We have interpreted the diversity jurisdiction statute to require courts in certain contexts to look behind the pleadings to ensure that parties are not improperly creating or destroying diversity jurisdiction."); 13F Wright, Miller & Cooper, *Federal Practice & Procedure Jurisdiction* § 3641 ("federal courts do have some inherent authority to look beyond the pleadings to protect a litigant's right to remove a case to a federal forum based on diversity jurisdiction."). Looking to the pleadings, Plaintiffs cannot maintain a product liability-failure to warn or negligence claim against Defendant Stericycle, as discussed immediately below. Thus, weighing the *Morris* factors, including Plaintiffs' choice of forum, jurisdictional limitations, and Defendant Ferring's statutory right of removal, it appears that Plaintiffs used the forum defendant rule as a device to improperly join Defendant Stericycle to avoid removal to federal court.[1]

---

[1] Plaintiffs' reliance on cases discussing "fraudulent misjoinder" (also known as procedural misjoinder) is misplaced. Fraudulent joinder involves the misjoinder of unrelated claims of non-diverse defendants and is a separate doctrine from fraudulent joinder as outlined in *Morris*. *See In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prod. Liab. Litig.,* 779 F. Supp. 2d 846, 853 (S.D. Ill. 2011); *Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 851 (S.D. Ill. 2006). Further, the Seventh Circuit has yet to adopt the "fraudulent misjoinder" doctrine and Plaintiffs fail to provide the Court with an explanation how the fraudulent

Because the fraudulent joinder doctrine applies to this case, the Court must next determine whether Defendants have met the heavy burden of establishing that – after resolving all issues of fact of law in favor of Plaintiffs – Plaintiffs' claims against Defendant Stericycle have "no chance of success," *see Thornton,* 796 F.3d at 765, which "some courts, including district courts within this circuit, have suggested ... is even more favorable to the plaintiff than the standard that applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Schur,* 577 F.3d at 764. In their Complaint, Plaintiffs bring a product liability–failure to warn claim against Defendant Stericycle alleging that while administering the Bravelle reimbursement program after the recall, Stericycle had a duty to issue a proper and prompt warning to Plaintiffs about the allegedly defective Bravelle, yet failed to do so. (*Id.* ¶¶ 1, 4, 23-25.) The parties do not make any choice of law arguments, therefore, the Court applies the laws of the states where Plaintiffs preside and presumably were injured, namely, Texas and Utah. *See Auto–Owners Ins. Co., v. Webslov Computing, Inc.*, 580 F.3d 543, 547 (7th Cir. 2009) ("Courts do not worry about conflicts of laws unless the parties disagree on which state's law applies.").

Turning to Plaintiffs' specific allegations, although Plaintiffs allege that Defendant Ferring manufactured, designed, sold, or distributed Bravelle, Plaintiffs do not allege that Defendant Stericycle did the same – nor could they in light of Stericycle's uncontradicted declaration in which its Client Solutions Director avers that Stericycle has never marketed, manufactured, promoted, or distributed Bravelle. *See Faucett v. Ingersoll–Rand Mining & Mach. Co.*, 960 F.2d 653, 655 (7th Cir. 1992) (courts may consider affidavits when evaluating

---

misjoinder pertains to this lawsuit. *See Reeves v. Pfizer, Inc.,* 880 F. Supp. 2d 926, 927 (S.D. Ill. 2012).

fraudulent joinder); *Ballard v. Wilderness Resort Hotel & Golf Resort,* No. 14 C 0841, 2014 WL 3811003, at *2 n.4 (N.D. Ill. Aug. 1, 2014) (same); *Sargent v. Cassens Corp.*, No. 06 C 1042, 2007 WL 1673289, at *2 (S.D. Ill. June 7, 2007) (same) (*See* R. 1-1, 8/18/16 Edwards Decl. ¶ 5.)[2] Because Stericycle did not manufacture, promote, distribute, or sell Bravelle, Plaintiffs cannot bring a product liability-failure to warn claim against Stericycle under either Utah or Texas law. *See McQuivey v. Fulmer Helmets, Inc.,* 335 P.3d 361, 363 (Utah Ct. App. 2014) ("Under Utah's Product Liability Act, a 'manufacturer or other initial seller' who sells an 'unreasonably dangerous product' may be liable for resulting 'personal injury, death, or property damage.'"); *Yirak v. Dan's Super Markets, Inc.,* 188 P.3d 487, 489 (Utah Ct. App. 2008) (retailer that did not participate in design, manufacture, engineering, testing, or assembly of product not subject to strict liability under Utah law where manufacturer is named party to the lawsuit); *Eckhardt v. Qualitest Pharms. Inc*, 889 F. Supp. 2d 901, 906-07 (S.D. Tex. 2012) (defendant who did not manufacture or sell product could not be liable based on a product liability theory under Texas law). In short, Plaintiffs' product liability–failure to warn claims against Defendant Stericycle have no chance of success. *See Morris,* 718 F.3d at 666.

Even if Plaintiffs' claims against Defendant Stericycle sounded in negligence, Plaintiffs fare no better. Simply put, under a negligence theory of liability, a plaintiff must establish that

---

[2] Plaintiffs take issue with Edwards' declaration, although they do not argue that his averments are not based on his own personal knowledge. *See* Fed.R.Evid 602. Instead, Plaintiffs posit that Edwards is merely averring that Defendant Stericycle is not liable. Despite Plaintiffs' argument to the contrary, Edwards avers that Stericycle has never sold, marketed, manufactured, promoted, or distributed Bravelle, which are factual – not legal – averments signed under penalty of perjury. *See Blockinger v. Reach Med. Holdings, Inc.,* No. 09 C 1805, 2009 WL 3617530, at *3 (N.D. Ill. Oct. 28, 2009) ("An uncontradicted declaration stating that a defendant has absolutely nothing to do with the allegations sufficiently establishes fraudulent joinder"). Plaintiffs do not allege or present any evidence to the contrary.

11

the defendant had a duty to the plaintiff and breached that duty. *See Herrod v. Metal Powder Prods.*, 886 F. Supp. 2d 1271, 1276-77 (D. Utah 2012); *Ranger Conveying & Supply Co. v. Davis*, 254 S.W.3d 471, 480 (Tex. App. Ct. 2007). Defendant Stericycle's connection to Plaintiffs' lawsuit is that Defendant Ferring hired Stericycle in October 2015 to administer the Bravelle Reimbursement Program at Ferring's direction. (Edwards Decl. ¶ 4.) As the third-party administrator of the reimbursement program, Defendant Stericycle issued a check to Plaintiff Bahalim. (Compl. ¶ 3, Ex. 2.) Defendant Stericycle's conduct in administering the reimbursement program and issuing a check to one of the Plaintiffs in this lawsuit does not establish that Stericycle owed a duty to "issue a proper and prompt warning" or to take "corrective action" as Plaintiffs allege. (Compl. ¶¶ 23, 24.) Further missing from Plaintiffs' allegations is that Defendant Stericycle's conduct caused Plaintiffs injury, especially in light of the unrefuted declaration that Stericycle did not manufacture, promote, distribute, or sell Bravelle. Plaintiffs' negligence claims against Defendant Stericycle have no chance of success. *See Morris,* 718 F.3d at 666; *Midland Mgmt. Co.,* 132 F.Supp.3d at 1021.

On a final note, Plaintiffs' argument that removal is improper because Defendant Stericycle did not consent to removal is misplaced because Plaintiffs fraudulently joined Stericycle to this lawsuit. *See Midland Mgmt.*, 132 F. Supp. 3d at 1024 ("Although removal is considered procedurally defective when not "all defendants who have been properly joined and served" consent to removal, 28 U.S.C. § 1446(b)(2)(A), consent is not required from defendants who have been fraudulently joined.").

## II. Defendant Stericycle's Motion to Dismiss – Rule 12(b)(6)

Defendant Stericycle further argues that Plaintiffs' product liability–failure to warn claim cannot survive Rule 12(b)(6) scrutiny because Plaintiffs' claim rests on boilerplate allegations that it owed Plaintiffs a duty "to issue a proper and prompt warning" and that Defendant "failed to promptly take corrective action where the Product was ineffective, including warning the Plaintiffs." (Compl. ¶¶ 23, 24, 26.) Defendant Stericycle specifically argues that these naked assertions devoid of factual enhancement do not state a claim for relief under Rule 8. *See Iqbal,* 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (quoting *Twombly,* 550 U.S. at 555). The Court agrees. The Court therefore grants – without prejudice – Defendant Stericycle's Rule 12(b)(6) motion to dismiss and denies Plaintiffs' request for discovery under the circumstances.

## III. Defendant Ferring's Motion to Dismiss – Rule 12(b)(2)

In Defendant Ferring's Rule 12(b)(2) motion to dismiss, it argues that the Court does not have personal jurisdiction over it. A federal district court with subject matter jurisdiction based on diversity of citizenship may exercise personal jurisdiction over a defendant only if personal jurisdiction is proper in the state in which it sits and comports with the requirements of the Fourteenth Amendment's due process clause. *See Kipp v. Ski Enter. Corp. of Wisconsin, Inc.,* 783 F.3d 695, 697 (7th Cir. 2015). More specifically, a "court's exercise of jurisdiction over the defendant must be authorized by the terms of the forum state's long arm statute and also must comport with the requirements of the Fourteenth Amendment's Due Process Clause." *Felland,* 682 F.3d at 672. Illinois' long-arm statute permits its courts to exercise personal jurisdiction on any basis permitted by the Illinois and United States Constitutions, *see* 735 ILCS 5/2-209(c), and

it is well-settled that there is "'no operative difference' between Illinois constitutional and federal constitutional limits on personal jurisdiction." *Philos Techs., Inc. v. Philos & D, Inc.,* 802 F.3d 905, 912 (7th Cir. 2015) (citation omitted).

Personal jurisdiction may be general or specific depending on the defendant's contacts with the forum state. *See id.* at 913; *Northern Grain Mktg.,* 743 F.3d at 492. Here, Plaintiffs rely on specific jurisdiction. "To support an exercise of specific personal jurisdiction, the defendant's contacts with the forum state must 'directly relate to the challenged conduct or transaction.'" *Northern Grain Mktg,* 743 F.3d at 492 (citation omitted); *see also Noboa v. Barcelo Corporacion Empresarial, SA*, 812 F.3d 571, 572 (7th Cir. 2016) ("Only intentional contacts by the defendant with the forum jurisdiction can support specific jurisdiction."). "Specific personal jurisdiction is appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Northern Grain Mktg,* 743 F.3d at 492 (citation omitted).

In response to Defendant Ferring's Rule 12(b)(2) motion, Plaintiffs first argue that Defendant Ferring has had sufficient minimum contacts with Illinois because it sells Bravelle in Illinois. For purposes of specific personal jurisdiction, a defendant's sales must be linked to litigation-specific activity in order to establish sufficient contacts. *See Advanced Tactical,* 751 F.3d at 801-02. In short, Plaintiffs' injuries must arise out of Defendant Ferring's forum-related activities. *See Northern Grain Mktg,* 743 F.3d at 492; *see also Walden v. Fiore,* 134 S. Ct. 1115, 1121 (2014) ("to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State."). From Plaintiffs' Complaint

and Defendant's Notice of Removal, it is uncontested that Plaintiff Bahalim is a citizen of Texas and Plaintiff McDonald is a citizen of Utah. Further, in their Complaint, Plaintiffs do not allege that they purchased or used Bravelle in Illinois nor do they allege that they that they suffered any injury in Illinois as a result of taking Bravelle. In addition, Plaintiffs do not submit an affidavit or declaration averring that they bought or used Bravelle in Illinois or suffered any resultant injury in Illinois. Under these circumstances, Plaintiffs have failed in their burden of making a prima facie case that Defendant Ferring has sufficient suit-related contacts based on its sales of Bravelle in Illinois. *See Advanced Tactical,* 751 F.3d at 801-02.

Plaintiffs also argue that Defendant Ferring has had sufficient minimum contacts with Illinois because it hired a company headquartered in Illinois, namely, Defendant Stericycle, to handle and oversee the Bravelle recall. Although Plaintiff alleges that Stericycle handled the Bravelle recall, Defendant Ferring presents an unrefuted declaration that Defendant Ferring retained Stericycle in October 2015 to administer the Bravelle Reimbursement Program – not the Bravelle recall – and that Stericycle never had the authority, responsibility, or ability to recall Bravelle. (8/18/16 Edwards Decl. ¶¶ 4, 7.) Also, Defendant Ferring hired Stericycle after Defendant Ferring manufactured and sold the Bravelle. (*Id.* ¶ 3.) In any event, it is well-settled that a defendant's relationship with the forum state for purposes of personal jurisdiction cannot be established via a third-party defendant's conduct with the forum state. *See Walden,* 134 S. Ct. at 1123 ("a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction."); *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985) ("'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of ... unilateral activity of another party or a third person.")

(citations omitted). Moreover, as discussed above, Plaintiffs fraudulently joined Defendant Stericycle in the first instance.

As such, because Plaintiffs have failed to establish that Defendant Ferring engaged in suit-related conduct, namely, that Defendant Ferring had sufficient minimum contacts with Illinois, the Court dismisses Plaintiffs' claims against Defendant Ferring for lack of personal jurisdiction. *See Northern Grain Mktg.*, 743 F.3d at 492 ("The defendant's conduct and connection with the forum state must be substantial enough to make it reasonable for the defendant to anticipate that he could be haled into court there."). Because the Court grants Defendant Ferring's Rule 12(b)(2) motion dismiss, it need not consider the parties' Rule 12(b)(6) arguments.

## CONCLUSION

For these reasons, the Court denies Plaintiffs' motion to remand and grants Defendant Stericycle's Rule 12(b)(6) motion to dismiss without prejudice. The Court grants Defendant Ferring's Rule 12(b)(2) motion to dismiss without prejudice to refile where the court has personal jurisdiction.

**Dated:** January 12, 2017

                              **ENTERED**

                              */s/ Amy J. St. Eve*
                              **AMY J. ST. EVE**
                              **United States District Court Judge**